CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| LARRIANTE' SUMBRY, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00227 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| INDIANA STATE PRISON, et al., ) | By: Samuel G. Wilson |
| Respondents. ) | United States District Judge |

Larriante' Sumbry, an Indiana inmate proceeding pro se, has submitted to the court a petition which the court will construe as a motion for writ of habeas corpus, pursuant to 28 U.S.C. §2254. A petitioner seeking to challenge the validity of his conviction or sentence must file his petition for a writ of habeas corpus in the federal district court of the state in which he was convicted. Accordingly, this court does not have the authority to grant Sumbry's petition.

Moreover, the court finds that transferring this case to United States District Court for the Northern District of Indiana does not comport with the interests of justice. Sumbry has filed multiple habeas petitions in both the United States District Court for the Northern District of Indiana and more than twenty other states and has been deemed a restricted filer by the United States Court of Appeals for the Seventh Circuit.[1] Accordingly, the instant petition is a successive petition which the United States District Court for the Northern District of Indiana may only consider upon specific certification from the United States Court of Appeals for the Seventh Circuit that the claims in the petition meet certain criteria. See 28 U.S.C. §2244(b). As petitioner has not submitted any evidence of such certification by the Court of Appeals, it is hereby

**ORDERED**

---

[1] See Sumbry v. Indiana State Prison, et al., Civil Action No. 2:06cv053 AS (N.D. Ind. Feb. 15, 2006).

that the above referenced petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, shall be and hereby is **DISMISSED** without prejudice.

The Clerk is directed to send certified copies of this order to petitioner.

ENTER: This 26th day of April, 2006.

                                                            UNITED STATES DISTRICT JUDGE